IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11500
Summary Calendar
_____

DANIEL JOSEPH HITTLE,

                                        Plaintiff-Counter -
                                        Defendant-Appellant,

versus

CITY OF GARLAND, TEXAS;
J.G. GEORGE, City of Garland
Police Officer; D.W. ROEHRIG, City
of Garland Police Officer; S.A.
CROSS, City of Garland Police
Officer,

                                        Defendants-Counter
                                        Claimants - Appellees.

GARLAND POLICE DEP'T; JOHN
DOES 1-10; D. SWAVEY, City of
Garland Police Officer; J. HOLMES,
City of Garland Police Officer,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:91-CV-2621-T
- - - - - - - - - -
September 15, 1997
Before REAVLEY, KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Daniel Joseph Hittle, Texas prisoner # 000981, argues that

the district court abused its discretion in denying his motions

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for a default judgment and in granting the defendants' motions for summary judgment dismissing Hittle's 42 U.S.C. § 1983 complaint.

We have reviewed the record, including the orders of the district court addressing the numerous motions filed in the case, and the briefs of the parties, and affirm the district court's court's orders granting the defendants' motions for summary judgment based on the complaint against the defendant officers being barred by the statute of limitations.  See Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989); Fed. R. App. P. 15(c)(3).

We have also determined that the district court did not abuse its discretion in denying Hittle's motions for default judgment and his motion to strike the defendants' answers because such a drastic remedy would not have been appropriate under the circumstances of this case.  See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989).

We further find that Hittle's conclusional allegations that the district court's rulings against him reflected a bias against Hittle are not sufficient to demonstrate that Hittle was deprived of an impartial tribunal in the district court proceedings.  See Litkey v. United States, 510 U.S. 540, 555-56 (1994).

We also find that the district court did not abuse its discretion in permitting Hittle's counsel to withdraw from their representation of Hittle.  The record reflects that counsel had

valid professional considerations for seeking to withdraw.
Hittle has not shown that he was prejudiced by the fact that the proceedings concerning the motion to withdraw were held in camera in Hittle's absence or because the pleadings involved in the motion were sealed. Hittle had access to the sealed documents and was given the opportunity to file additional responses to counsels' motion and he chose not to do.

The district court did not abuse its discretion in failing to appoint new counsel to represent Hittle because Hittle had shown his ability to provide himself with adequate representation. See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982).

Hittle has not shown that he was unduly prejudiced by the the defendants advising the court of Hittle's murder conviction and of other murders with which Hittle had been charged. This information was provided to the district court in response to Hittle's request that he not be displayed as a prisoner and not be closely guarded during the civil proceedings. The information was relevant to the issue of security during the civil proceedings. Hittle has not shown that it had any effect on the trial court's rulings in the case.

Hittle's argument that the district court improperly severed his case is patently frivolous.

Hittle's motion for appointment of counsel in the district court is DENIED as moot.

AFFIRMED.